# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID RUPE,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CATAVICH, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-01020 GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claims**

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison, brings this civil rights action against correctional officials employed by the CDCR at Wasco. The claims in this complaint stem from a sexual assault upon Plaintiff by another inmate while Plaintiff was housed at the Reception Center at Wasco. Plaintiff names the following individual defendants: Warden J. Catavich; Reception Center Lieutenant; Sergeant Revera [sic]; Sgt. Baker; Correctional Counselor Uriza.

Plaintiff alleges that in June, 2008, while housed in a cell at the Wasco Reception Center, he was sexually assaulted by an inmate that was moved into his cell. Plaintiff told Correctional Officer (C/O) Cortez what happened. C/O Cortez removed the inmate from the cell and placed him in a stand up cage. Defendants Baker and Revera escorted Plaintiff to the program office. Baker and

Revera made offensive comments about the sexual assault. Plaintiff was placed in a holding cage. Sgt. Revera went in to the program office. When he came out, he informed Plaintiff that the inmate who assaulted him was a known sexually violent predator. Revera advised Plaintiff that "someone dropped the ball" when the inmate was housed with Plaintiff. Plaintiff was taken to a local hospital and subjected to a rape examination, which was "traumatizing" for Plaintiff, as it involved an examination by a female nurse. The inmate was eventually referred to the District Attorney for prosecution, and charged with a new offense.

Plaintiff was placed on single cell status. On September 15, 2009, Plaintiff asked his mental health counselor why he was on single cell status. Plaintiff was advised that "someone mest [sic] up when housing the other inmate with plaintiff. So no one wanted to have their name on any paper work due to a civil law suit." (Compl. 3:4-5.) Plaintiff specifically alleges that

> "The inmate that assaulted plaintiff was a known sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he will engage in sexually violent criminal behavior."

(Compl. 3:6-10.)

### A. **Failure to Protect**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or

1  with the knowledge that harm will result." <u>Farmer</u>, 511 U.S. at 835.  The Court defined this
2  "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk
3  of harm of which he is aware." <u>Id.</u> at 836-37.

4        The deliberate indifference standard involves both an objective and a subjective prong.  First,
5  the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> at 834.  Second,
6  subjectively, the prison official must "know of and disregard an excessive risk to inmate health or
7  safety."  <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove
8  knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very
9  obviousness of the risk may be sufficient to establish knowledge.  <u>Farmer</u>, 511 U.S. at 842; <u>Wallis</u>
10 <u>v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

11       Thus, in order to state a cognizable claim against prison officials for failure to provide for
12 a prisoner's safety/protection, a prisoner must allege (and eventually prove): (1) a sufficiently serious
13 risk of harm (either current or future); (2) that was caused by the defendant(s); and (3) that the
14 defendant(s) knew that his/her action(s) exposed the prisoner to that serious risk of harm.

15       Here, Plaintiff has clearly alleged facts indicating that he was subjected to a sufficiently
16 serious risk of harm and was, indeed, harmed.  Plaintiff has not, however, alleged any facts
17 indicating that any of the named defendants knew of the particular harm to Plaintiff and acted with
18 deliberate indifference to that harm.  The only conduct charged to the defendants indicates that once
19 they were aware of the danger to Plaintiff, they took appropriate and reasonable steps to protect
20 Plaintiff.

21       To the extent that Plaintiff claims that the Warden and the Reception Center Lieutenant
22 should have known of the harm, Plaintiff is advised that there is no supervisory liability under 42
23 U.S.C. § 1983.  Under section 1983, Plaintiff must prove that the Defendants holding supervisory
24 positions personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930,
25 934 (9th Cir. 2002).  There is no <u>respondeat superior</u> liability, and each defendant is only liable for
26 his or her own misconduct. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may
27 be held liable for the constitutional violations of his or her subordinates only if he or she
28 "participated in or directed the violations, or knew of the violations and failed to act to prevent

them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has alleged no such facts here.

### B. Verbal Conduct

Plaintiff alleges that Defendants Revera and Baker made offensive remarks to Plaintiff regarding the assault. Plaintiff is advised that mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### III. Conclusion and Order

Although Plaintiff has alleged that he was subjected to an objectively serious risk of harm, he has not alleged any facts indicating that any of the named defendants knew of the harm to Plaintiff and acted with deliberate indifference to that harm. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

1  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 29, 2011**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE