# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID RUPE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. CATAVICH, et al.,<br><br>　　　　　　Defendants. | 1:10-cv-01020-GSA-PC<br><br>ORDER DISMISSING ACTION<br><br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

　　　　Plaintiff is a former state prisoner proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

　　　　By order filed March 29, 2011, the operative complaint was dismissed for failure to state a claim. Plaintiff was granted leave to file an amended complaint, and directed to do so within thirty days. Plaintiff has not filed an amended complaint.

　　　　In the March 29, 2011, order the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has not filed an amended complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a

---

[1] Plaintiff was incarcerated when this action was filed on June 7, 2010. On March 3, 2011, Plaintiff filed a Notice of Change of Address, indicating his release from custody.

1  federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448
2  (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to
3  dismissing for failure to state a claim).
4     Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state
5  a claim upon which relief can be granted, and that this dismissal  count as a strike under 28
6  U.S.C. § 1915(g).   The Clerk is directed to close this case.

11     IT IS SO ORDERED.
12     **Dated:   May 2, 2011**        /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2